# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )    C.A. No. _____ |
| ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC GLOBAL HOLDING SA, ALEMBIC PHARMACEUTICALS, INC., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

Novartis Pharmaceuticals Corporation ("Novartis"), by its attorneys, hereby alleges as follows:

## **NATURE OF THE ACTION**

1. This is a patent infringement action arising under Title 35 of the United States Code and concerning Abbreviated New Drug Application ("ANDA") No. 213682, submitted to the United States Food and Drug Administration ("FDA") by the above-named defendants Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. (collectively, "Alembic defendants") seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of sacubitril/valsartan tablets, generic versions of Novartis's ENTRESTO® tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg, prior to the expiration of U.S. Patents Nos. 8,101,659 (the "'659 patent"), 8,796,331 (the "'331 patent"), 8,877,938 (the "'938 patent"), and/or 9,388,134 (the "'134 patent").

2. This is the second complaint Novartis has filed against the Alembic defendants in connection with ANDA No. 213682. The first complaint, Case No. 19-cv-2021-LPS (D. Del., filed October 24, 2019), alleged infringement by the Alembic defendants of the '938 and '134 patents in response to a September 11, 2019 notice letter ("Alembic First Notice Letter"). The Alembic First Notice Letter represented that ANDA No. 213682 included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") against the '938 and '134 patents. This second complaint additionally alleges infringement by the Alembic defendants of the '659 and '331 patents, and is being filed in response to a second, December 4, 2019 notice letter ("Alembic Second Notice Letter"). The Alembic Second Notice Letter represents that a second Paragraph IV certification against the '659 and '331 patents was filed in connection with ANDA No. 213682. The Alembic Second Notice Letter also purports to incorporate by reference the Alembic First Notice Letter in its entirety, including the Alembic defendants' previously expressed positions against the '938 and '134 patents. Because Novartis has not yet seen the second Paragraph IV certification described in the Alembic Second Notice Letter, and thus is unable to confirm that the second Paragraph IV certification does not address the '938 and '134 patents, Novartis—out of an abundance of caution—has included in this second complaint allegations addressing the '938 and '134 patents, as well as the '659 and '331 patents.[1]

---

[1] Novartis acknowledges that it previously made allegations with respect to the '938 and '134 patents against the Alembic defendants in the 19-cv-2021-LPS complaint. However, Novartis has not previously made any allegations with respect to the '659 and '331 patents against the Alembic defendants.

**Parties**

3. Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in East Hanover, New Jersey.

4. On information and belief, defendant Alembic Pharmaceuticals Limited is a corporation organized and existing under the laws of India, having a principal place of business at Alembic Road, Vadodara, Gujarat, India 390003.

5. On information and belief, defendant Alembic Global Holding SA is a corporation organized and existing under the laws of Switzerland, having a principal place of business at Rue Fritz-Courvoisier 40, 2300 La Chaux-de-Fonds, Switzerland.  On information and belief, Alembic Global Holding SA is a wholly owned subsidiary of Alembic Pharmaceuticals Limited.

6. On information and belief, defendant Alembic Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a registered agent for the service of process at National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, and having a principal place of business at 750 Route 202, Bridgewater, New Jersey 08807.  On information and belief, Alembic Pharmaceuticals, Inc. is a wholly owned subsidiary of Alembic Global Holding SA, which in turn is a wholly owned subsidiary of Alembic Pharmaceuticals Limited.

7. On information and belief, Alembic Pharmaceuticals Limited develops, manufactures, distributes, sells, and/or imports drug products for the entire United States market and does business in every state including Delaware, either directly or indirectly.

8. On information and belief, Alembic Global Holding SA develops, manufactures, distributes, sells, and/or imports drug products for the entire United States market and does business in every state including Delaware, either directly or indirectly.

9. On information and belief, Alembic Pharmaceuticals, Inc., manufactures, distributes, sells, and/or imports drug products for the entire United States market and does business in every state including Delaware, either directly or indirectly.

10. In the Alembic First Notice Letter, Alembic Pharmaceuticals Limited notified Novartis that (i) Alembic Pharmaceuticals Limited had submitted to the FDA ANDA No. 213682 for sacubitril/valsartan tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg ("Alembic ANDA Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States, including Delaware, prior to the expiration of the '938 and '134 patents, and that (ii) ANDA No. 213682 included a Paragraph IV certification against the '938 and '134 patents. In response to the Alembic First Notice Letter, Novartis on October 24, 2019 sued the Alembic defendants for infringement of the '938 and '134 patents in Case No. 19-cv-2021-LPS (D. Del.).

11. In the Alembic Second Notice Letter, Alembic Pharmaceuticals Limited notified Novartis that a second Paragraph IV certification against the '659 and '331 patents was filed in connection with ANDA No. 213682. The Alembic Second Notice Letter purports to incorporate by reference the Alembic First Notice Letter in its entirety, including the portions from the Alembic First Notice Letter regarding the '938 and '134 patents.

12. Alembic Pharmaceuticals Limited has committed an act of infringement in this judicial district by filing ANDA No. 213682 with the intent to make, use, sell, offer for sale, and/or import the Alembic ANDA Products in or into this judicial district, prior to the expiration

of the '659, '331, '938, and '134 patents, an act of infringement that has led and will lead to foreseeable harm and injury to Novartis, a Delaware corporation.

13. On information and belief, Alembic Global Holding SA acted in concert with and under the direction of Alembic Pharmaceuticals Limited, and acted in concert with and directed Alembic Pharmaceuticals, Inc., in the preparation and submission of ANDA No. 213682, and, if the ANDA is approved, will act in concert with and under the direction of Alembic Pharmaceuticals Limited, and will act in concert with and direct Alembic Pharmaceuticals, Inc., to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States, including Delaware, prior to the expiration of the '659, '331, '938, and '134 patents.

14. On information and belief, Alembic Pharmaceuticals, Inc. acted in concert with and under the direction of Alembic Pharmaceuticals Limited and/or Alembic Global Holding SA in the preparation and submission of ANDA No. 213682, and, if the ANDA is approved, will act in concert with and under the direction of Alembic Pharmaceuticals Limited and/or Alembic Global Holding SA to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States, including Delaware, prior to the expiration of the '659, '331, '938, and '134 patents.

15. Alembic Pharmaceuticals Limited, by itself or together with Alembic Global Holding SA and/or Alembic Pharmaceuticals, Inc., has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the Alembic ANDA Products, that will be purposefully directed at Delaware and elsewhere.

16. On information and belief, Alembic Pharmaceuticals Limited has systematic and continuous contacts with Delaware; has established distribution channels for drug products in

Delaware; regularly and continuously conducts business in Delaware, including by selling drug products in Delaware either directly or indirectly through subsidiaries, agents, or affiliates, including Alembic Pharmaceuticals, Inc.; has purposefully availed itself of the privilege of doing business in Delaware; and derives substantial revenue from the sale of drug products in Delaware.

17. Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. have availed themselves of the legal protections of the State of Delaware by, among other things, admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Cydex Pharms. Inc. v. Alembic Global Holding SA et al.*, C.A. No. 19-956 (D. Del.).

18. Alembic Pharmaceuticals Limited, the entity identified in the Alembic First and Second Notice Letters as having submitted ANDA No. 213682, has agreed with Novartis to litigate any patent action(s) concerning ANDA No. 213682 in the District of Delaware, and has agreed, only for the purposes of such action(s), not to challenge personal jurisdiction and venue in the District of Delaware.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

20. This Court has personal jurisdiction over Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. because, on information and belief, each such Defendant has committed or has aided, abetted, contributed to, or participated in the commission of tortious acts of patent infringement in preparing and submitting ANDA No. 213682 with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), which acts have led to foreseeable harm and injury to Novartis, a Delaware corporation.

21. This Court also has personal jurisdiction over Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. because, on information and belief, each such Defendant, upon approval of ANDA No. 213682, will commit or will aid, abet, contribute to, or participate in future tortious acts of patent infringement permitted under ANDA No. 213682 that will be purposefully directed at Delaware, including the marketing of the Alembic ANDA Products in Delaware, prior to the expiration of the '659, '331, '938, and '134 patents.

22. This Court also has personal jurisdiction over Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. because, on information and belief, each such Defendant's affiliations with the State of Delaware, including Alembic Pharmaceuticals, Inc.'s incorporation in Delaware, and Alembic Pharmaceuticals Limited's and Alembic Global Holding SA's ownership of and actions in concert with Alembic Pharmaceuticals, Inc., are sufficiently continuous and systematic as to render each such Defendant essentially at home in this forum.

23. This Court also has personal jurisdiction over Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. because each such Defendant has availed itself of the legal protections of the State of Delaware, by admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware.

24. Alembic Pharmaceuticals Limited, the entity identified in the Alembic First and Second Notice Letters as having submitted ANDA No. 213682, has agreed with Novartis to litigate this action in Delaware and not to contest personal jurisdiction or venue in Delaware in this action.

25. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc.

26. Venue is proper in this Court because Alembic Pharmaceuticals, Inc. is incorporated in the State of Delaware and therefore resides in this judicial district, and because Alembic Pharmaceuticals Limited and Alembic Global Holding SA are foreign entities who may be sued in any judicial district, including Delaware. 28 U.S.C. § 1400(b); 28 U.S.C. § 1391(c)(3).

**THE PATENTS-IN-SUIT AND ENTRESTO®**

27. Novartis is the owner of the '659 patent, titled "Methods of treatment and pharmaceutical composition." The '659 patent was duly and legally issued on January 24, 2012. A true and correct copy of the '659 patent is attached hereto as Exhibit A.

28. The '659 patent claims, *inter alia*, a pharmaceutical composition comprising (i) valsartan or a pharmaceutically acceptable salt thereof; (ii) sacubitril or sacubitrilat or a

pharmaceutically acceptable salt thereof; and (iii) a pharmaceutically acceptable carrier; wherein (i) and (ii) are administered in combination in about a 1:1 ratio.

29. Novartis is the owner of the '331 patent, titled "Methods of treatment and pharmaceutical composition." The '331 patent was duly and legally issued on August 5, 2014. A true and correct copy of the '331 patent is attached hereto as Exhibit B.

30. The '331 patent claims, *inter alia*, a method for the treatment of heart failure or hypertension, comprising administering to a patient in need thereof a therapeutically effective amount of the combination of (i) valsartan or a pharmaceutically acceptable salt thereof; and (ii) sacubitril or sacubitrilat or a pharmaceutically acceptable salt thereof; wherein (i) and (ii) are administered in one unit dose form or in two separate unit dose forms.

31. Novartis is the owner of the '938 patent, titled "Compounds containing S-N-valeryl-N-{[2′-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations." The '938 patent was duly and legally issued on November 4, 2014. A true and correct copy of the '938 patent is attached hereto as Exhibit C.

32. The '938 patent claims, *inter alia*, trisodium [3-((1S,3R)-1-biphenyl-4-ylmethyl-3-ethoxycarbonyl-1-butylcarbamoyl)propionate-(S)-3′-methyl-2′-(pentanoyl{2″-(tetrazol-5-ylate)biphenyl-4′-ylmethyl}amino)butyrate] hemipentahydrate ("sacubitril/valsartan trisodium hemipentahydrate complex") in crystalline form.

33. Novartis is the owner of the '134 patent, titled "Compounds containing S-N-valeryl-N-{[2′-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations." The

9

'134 patent was duly and legally issued on July 12, 2016. A true and correct copy of the '134 patent is attached hereto as Exhibit D.

34. The '134 patent claims, *inter alia*, a method for the treatment of heart failure or hypertension, in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex.

35. Novartis is the holder of New Drug Application ("NDA") No. 207620 by which the FDA granted approval for the commercial manufacturing, marketing, sale, and use of ENTRESTO® (sacubitril and valsartan) tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg. ENTRESTO® currently is indicated to reduce the risk of cardiovascular death and hospitalization for heart failure in patients with chronic heart failure (NYHA Class II-IV) and reduced ejection fraction, and for the treatment of symptomatic heart failure with systemic left ventricular systolic dysfunction in pediatric patients aged one year and older.

36. One or more claims of each of the '659, '331, '938, and '134 patents cover ENTRESTO® and/or the use thereof.

37. The FDA's official publication of approved drugs (the "Orange Book") lists the '659, '331, '938, and '134 patents in connection with ENTRESTO®.

## INFRINGEMENT BY DEFENDANTS OF THE PATENTS-IN-SUIT

38. Novartis incorporates paragraphs 1 – 18 and 27 – 3737 as if fully set forth herein.

39. On information and belief, Alembic Pharmaceuticals Limited, by itself or in concert with Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc., submitted to the FDA ANDA No. 213682 under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '659, '331, '938, and '134 patents.

40. This action was commenced within 45 days of Novartis's receipt of the Alembic Second Notice Letter.

41. By filing its ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States prior to the expiration of the '659, '331, '938, and '134 patents, Alembic Pharmaceuticals Limited, and, on information and belief, Alembic Global Holding SA and Alembic Pharmaceuticals, Inc., have committed an act of infringement under 35 U.S.C. § 271(e)(2).

42. On information and belief, when Alembic Pharmaceuticals Limited filed ANDA No. 213682, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. were aware of the '659, '331, '938, and '134 patents and that the filing of the ANDA with the request for its approval prior to the expiration of the '659, '331, '938, and '134 patents was an act of infringement of those patents.

43. On information and belief, the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States will infringe one or more claims of the '659, '331, '938, and '134 patents.

44. The Alembic Second Notice Letter does not deny that the Alembic ANDA Products would infringe claims 1-4 of the '659 patent, and that the use of the Alembic ANDA Products would infringe claims 1, 2, and 5-8 of the '331 patent.

45. On information and belief, the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States will directly infringe one or more claims of the '659 patent.

46. On information and belief, the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products in or into the United States will directly infringe one more claims of the '938 patent.

47. On information and belief, the Alembic ANDA Products, if approved, will contain instructions for practicing a method for the treatment of heart failure comprising administering to a patient in need thereof a therapeutically effective amount of sacubitril/valsartan or their pharmaceutically acceptable salts, which administration will constitute direct infringement of one or more claims of the '331 patent. On information and belief, if the Alembic ANDA Products are approved, physicians and/or patients following said instructions will directly infringe one or more claims of the '331 patent. On information and belief, if the Alembic ANDA Products are approved, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will actively encourage, recommend, or promote this infringement with knowledge of the '331 patent, and with knowledge and intent that their acts will induce infringement of one or more claims of the '331 patent.

48. On information and belief, if the Alembic ANDA Products are approved, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will commercially manufacture, sell, offer for sale, and/or import those products, which will be specifically labeled for use in a method for the treatment of heart failure comprising administering to a patient in need thereof a therapeutically effective amount of sacubitril/valsartan or their pharmaceutically acceptable salts, as recited in one or more claims of the '331 patent. On information and belief, if the Alembic ANDA Products are approved, those products will constitute a material part of a method for the treatment of heart failure comprising administering to a patient in need thereof a therapeutically effective amount of

sacubitril/valsartan or their pharmaceutically acceptable salts, as recited in one or more claims of the '331 patent. On information and belief, if the Alembic ANDA Products are approved, physicians and/or patients following the instructions in the Alembic ANDA Products will directly infringe one or more claims of the '331 patent. On information and belief, if the Alembic ANDA Products are approved, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will contributorily infringe one or more claims of the '331 patent, and will do so with knowledge of the '331 patent, and that the Alembic ANDA Products are especially made or especially adapted for use in infringing one or more claims of the '331 patent and are not suitable for a substantial noninfringing use.

49. On information and belief, the Alembic ANDA Products, if approved, will contain instructions for practicing a method for the treatment of heart failure in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex, which administration will constitute direct infringement of one or more claims of the '134 patent. On information and belief, if the Alembic ANDA Products are approved, physicians and/or patients following said instructions will directly infringe one or more claims of the '134 patent. On information and belief, if the Alembic ANDA Products are approved, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will actively encourage, recommend, or promote this infringement with knowledge of the '134 patent, and with knowledge and intent that their acts will induce infringement of one or more claims of the '134 patent.

50. On information and belief, if the Alembic ANDA Products are approved, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will commercially manufacture, sell, offer for sale, and/or import those products, which will be

specifically labeled for use in a method for the treatment of heart failure in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex, as recited in one or more claims of the '134 patent. On information and belief, if the Alembic ANDA Products are approved, those products will constitute a material part of a method for the treatment of heart failure in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex, as recited in one or more claims of the '134 patent. On information and belief, if the Alembic ANDA Products are approved, physicians and/or patients following the instructions in the Alembic ANDA Products will directly infringe one or more claims of the '134 patent. On information and belief, if the Alembic ANDA Products are approved, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will contributorily infringe one or more claims of the '134 patent, and will do so with knowledge of the '134 patent, and that the Alembic ANDA Products are especially made or especially adapted for use in infringing one or more claims of the '134 patent and are not suitable for a substantial noninfringing use.

51.     Novartis will be substantially and irreparably damaged by Alembic Pharmaceuticals Limited's, Alembic Global Holding SA's, and/or Alembic Pharmaceuticals, Inc.'s infringement of the '659, '331, '938, and '134 patents.

52.     Novartis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of ANDA No. 213682 be a date that is no earlier than July 14, 2023, the expiration of the '659 and '331 patents' pediatric exclusivity, November 27, 2027, the expiration date of the '938 patent's pediatric exclusivity, and May 8, 2027, the expiration of the '134 patent's pediatric exclusivity, or a date no earlier than the expiry

of any other patent extension or exclusivity to which Novartis is entitled, and an award of damages for any commercial sale or use of the Alembic ANDA Products and any act committed by Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. with respect to the subject matter claimed in the '659, '331, '938, and '134 patents, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

53. On information and belief, Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. have taken and continue to take active steps towards the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products, including seeking approval of those products under ANDA No. 213682.

54. There is a substantial and immediate controversy between Novartis and Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. concerning the '659, '331, '938, and '134 patents. Novartis is entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and/or Alembic Pharmaceuticals, Inc. will infringe, induce infringement of, and/or contributorily infringe one or more claims of the '659, '331, '938, and '134 patents.

**PRAYER FOR RELIEF**

WHEREFORE, Novartis prays that this Court grant the following relief:

55. Judgment that defendants Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. have infringed one or more claims of the '659, '331, '938, and '134 patents by filing ANDA No. 213682;

56. A permanent injunction restraining and enjoining defendants Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. and their officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, sale, or offer for sale in the United States, or

importation into the United States, of the Alembic ANDA Products prior to the expiration of the '659, '331, '938, and '134 patents, inclusive of any extensions and additional periods of exclusivity;

57. An order that the effective date of any approval of ANDA No. 213682 be a date that is not earlier than the expiration dates of the '659, '331, '938, and '134 patents, inclusive of any extensions and additional periods of exclusivity;

58. Declaratory judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of the Alembic ANDA Products will directly infringe, induce infringement of, and/or contributorily infringe one or more claims of the '659, '331, '938, and '134 patents;

59. Damages or other monetary relief from defendants Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. for the infringement, inducement of infringement and contributory infringement of the '659, '331, '938, and '134 patents;

60. A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and an award of attorney's fees;

61. Novartis's costs and expenses in this action; and

62. Such other and further relief as the Court may deem just and proper.

Dated:  January 17, 2020         MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
*dsilver@mccarter.com*
*ajoyce@mccarter.com*

OF COUNSEL:

Nicholas N. Kallas
Christina Schwarz
Christopher E. Loh
Susanne L. Flanders
Jared L. Stringham
Shannon K. Clark
Laura K. Fishwick
Gregory J. Manas
VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
*nkallas@venable.com*
*cschwarz@venable.com*
*cloh@venable.com*
*slflanders@venable.com*
*jlstringham@venable.com*
*skclark@venable.com*
*lfishwick@venable.com*
*gjmanas@venable.com*

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*